NicholsoN, O. J.,
delivered the opinion of the court.
Vinsant sues .Hart in replevin for a number of new rails. They were out and split by Vinsant on unenclosed land, and after they were so cut and split Hart hauled them away and appropriated • them. The land on which the trees stood out of which the rails were made, was in dispute between the parties as to its title. Hart hauled the rails because he claimed them as his property, insisting that the trees were on his land and not within the boundaries of Vinsant’s land.
On the other hand Vinsant sued for them as his property, insisting that the trees out of. which they were made by him stood within the boundaries of his land.
On the trial in the Circuit Court Vinsant proved by his own oath that he had a title bond for the land on which the rails were made, and that he had them made, but no title bond was produced; that he had been living on the farm fifteen years, but that the land where the trees grew had never been enclosed or cleared. Defendant objected to proof of ownership of the land by parol, but the objection was overruled. Defendant offered to read plaintiff’s title papers, and to show by the evidence of a surveyor that the land on which the trees grew was not within plaintiff’s boundaries. He also offered to show by his own title papers, and • by other evidence, that the trees were on his land. He then called a witness to prove that plaintiff and defendant both claimed a cer *618 tain line, known as the Levi line, as their dividing line, and that the trees out of which the rails were made grew on defendant’s side of the dividing line. All of this testimony was objected to by plaintiff, and was rejected by the court and not allowed to be introduced, the court stating that “ he would not allow any evidence whatever to be introduced by defendant to show title to the land, and that the sole question was one of possession — actual possession of the land.”
It is insisted for defendant that the court erred in allowing plaintiff to prove his title by parol evidence, and in refusing to allow defendant to prove his title by his deeds, and in excluding parol proof of a common dividing line between them.
The object of the action replevin is to recover in specie personal property which has been taken or detained from the owner’s possession. The plaintiff must recover either upon his title, absolute or special, or his right of possession.
The question before the jury in this case was, in whom was the title or right of possession of the rails? This did not depend, necessarily, upon the question as to who had the title to the land. But situated as the trees were out of which the rails were made, the land being unenclosed, and therefore not in the actual possession of either party, it became a legitimate and necessary inquiry to ascertain upon whose land they stand, and not for the purpose of trying the question of title to the land, but as' a means of determining who had the right to the possession of the rails when made: 8 Bacon (Baniver) 527.
*619 In Clement v. Wright, 40 Penn. R., 250, as digested in 22 U. S. Dig., 503, it was held that “though as a general rule title to real estate can not be directly tried in transitory actions, yet it may be incidentally brought in question in action of replevin or trover, and then it is admissible in evidence.” This was the holding in an action of replevin for logs cut upon the land of defendant’s vendor, which had been seized by the plaintiff. It was said in deciding the case, that “ in the absence of any actual adverse possession of wild timber land, the law casts the possession on the owner, and proof of title was therefore admissible, not for the purpose of trying the title, but to prove possession in the rightful owners, which possession defendant had acquired by purchase.”
The same doctrine was laid down by this court in the case of Philips v. Sampson, 2 Head, 429, in the trial of an action of forcible entry and detainer, in which the question of possession was alone involved. To the extent that it was legitimate and necessary to en-quire into the ownership or right of possession of the rails, it was incumbent on both parties to adduce the best evidence of title. It was therefore erroneous to allow the plaintiff to show his ownership of the land by parol proof of a title bond, without accounting for the absence of his title papers. It was also erroneous to exclude the title papers of defendant.
Eor these errors the judgment is reversed.